```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DARSHAWN WITHERSPOON,**

                        **Plaintiff,**

          v.                                    CASE NO. 11-3166-SAC

**JAMES FLOREZ, et al.,**

                        **Defendants.**


### MEMORANDUM AND ORDER

This matter comes before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff executed the complaint and motion for leave to proceed in forma pauperis in April 2011, and they were filed by the clerk of the court on September 20, 2011.

Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Section 1915(a)(1) requires a prisoner seeking to bring a civil action without prepayment of fees to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress.  The court finds the motion for leave to proceed in forma pauperis filed by plaintiff satisfies these requirements.

Section 1915(a)(2) requires an inmate also to submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated.  Plaintiff has not yet submitted this information, and

the court will direct him to supplement the record with those financial records.

Next, because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se party's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

Plaintiff sues two officers at the Wyandotte County Jail, Kansas City, Kansas.[1]  The court construes the complaint to allege that on separate occasions during his incarceration in the jail, the defendants claimed they felt threatened by plaintiff and filed

---

[1] On the application to proceed in forma pauperis (Doc. 2), plaintiff identifies the sole defendant as the Wyandotte Criminal Justice System.  However, the complaint identifies only individual defendants James Florez and Michael Mooreman.

2

charges against him.

In Count I of the complaint, plaintiff claims he has been hindered in becoming a productive citizen. In Count II, he claims that the Wyandotte County Jail has formulated perjury, blackmail, and criminal injustices against him. He cites, without elaboration, a 2007 incident in which a taser was used against him; two counts of criminal threat in 2009; an arrest in early 2010 under unidentified Kansas City, Kansas, writs; a 2010 arrest for an open container violation; and a 2011 probation violation. In Count III, he claims he has been falsely incarcerated at the jail in antagonizing conditions. He seeks damages.

While plaintiff is entitled to a liberal reading of his pleadings, the complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Ci. P. 8(a)(2). This standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation". *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

In the present case, plaintiff makes only vague assertions that are not supported by specific factual allegations or detailed legal claims. This is not sufficient to satisfy the inquiry of plausibility under *Iqbal*. The court will grant plaintiff the opportunity to correct the defects in this matter by allowing him the opportunity to amend the complaint to identify the acts or omissions of each defendant, including the relevant dates, and an explanation of how these acts or omissions violated his protected rights. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir.

2007)(plaintiff should be allowed the opportunity to amend if it is possible for plaintiff to correct the defects in a pleading).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including December 29, 2011, to supplement the motion for leave to proceed in forma pauperis with a certified copy of his institutional financial records for the six months preceding September 2011 from all facilities in which he was housed during that period.

IT IS FURTHER ORDERED plaintiff is granted to and including December 29, 2011, to amend the complaint as directed herein. The failure to file a timely response may result in the dismissal of this action for failure to state a claim upon which relief may be granted without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 29th day of November, 2011, at Topeka, Kansas.

        S/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge